[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has brought an action against his former employer, the defendant Kronberg Brothers, Inc.; its president, the defendant David Kronberg; and a related company, the defendant Professional Building and Restoration Co. for funds the plaintiff claims is owed him as a result of his employment with the defendant Kronberg Brothers, Inc. The defendants have denied the plaintiff's claims and the defendant Kronberg Brothers, Inc. has counterclaimed for sums it asserts is owed to it by the plaintiff. The action was tried to the court. Based on the evidence presented, the court finds the issues asserted in the plaintiff's complaint in favor of the defendants and the issues asserted in the counterclaim of the defendant Kronberg Brothers, Inc. in favor of the plaintiff.
The plaintiff was a project manager for the defendant Kronberg Brothers, Inc. The defendant Kronberg Brothers, Inc. was a general contractor engaged in the repair and restoration of real property and the plaintiff, in his capacity as project manager, supervised repair and construction work for the defendant Kronberg Brothers, Inc. The plaintiff asserts that the terms of his employment with the defendant Kronberg Brothers, Inc. required that he be paid a percentage of the sales contracts for those jobs for which he was project manager. He claims that, upon the termination of his employment with the defendant Kronberg Brothers, Inc., he was not paid sums totaling $40,741 due him for thirty three projects. As a result, the plaintiff filed the present action asserting six causes of action: (1) breach of contract; (2) unjust enrichment; (3) breach of the duty of good faith and fair dealing; (4) negligent infliction of emotional distress; (5) intention/wanton tort; and (6) violation of the Connecticut Unfair Trade Practices Act.
The defendants deny that any money is owed the plaintiff. Rather, the defendant Kronberg Brothers, Inc. claims that the plaintiff owes it money as a result of losses incurred on projects managed by the plaintiff. CT Page 2452
The essence of the dispute between the plaintiff and the defendants is whether the plaintiff is entitled to be paid a percentage of the sales contract for those jobs for which he was the project manager. The plaintiff claims that he is entitled to be paid 8 — 10% of the sales contracts for such jobs and that he was not paid for thirty three of those jobs, while the defendants assert that the plaintiff's pay was determined through a complicated allocation of credits and debits which results in the plaintiff owing funds to the defendant Kronberg Brothers, Inc. The evidence presented to the court does not support the plaintiff's claims in his complaint.
On March 7, 1990, the plaintiff was hired as a project manager for the defendant Kronberg Brothers, Inc. At the commencement of the plaintiff's employment, the plaintiff and the defendant Kronberg Brothers, Inc. agreed that the plaintiff would be paid a weekly salary of $500. The plaintiff's salary eventually increased to $600 and in April 1997 to $800 weekly. The plaintiff voluntarily terminated his employment with the defendant Kronberg Brothers, Inc. on September 5, 1997.
During the course of his employment with the defendant Kronberg Brothers, Inc., the plaintiff's weekly salary was termed "a weekly draw salary" by the defendant Kronberg Brothers, Inc. The weekly draw salary earned by the plaintiff was adjusted periodically based on the value of the construction projects completed by the plaintiff. Adjustments would be made based on a complicated formula established by the defendant Kronberg Brothers, Inc. involving the total value of the completed contracts, a percentage of the weekly average of those contracts, and a fixed adjustment factor. The formula would result in a draw that had been "earned" by the plaintiff. The amount of the earned draw would be compared on a monthly basis to the weekly draw salary that had been paid to the plaintiff to determine whether a "credit" was due the plaintiff or a "deficit" was owed by him.
A draw account summary would be issued to the plaintiff periodically which would show the monthly calculations used to determine the earned draw. The summary would also show a "balance total" which represented a running total on a monthly basis of the credits or deficits in the plaintiff's draw account. The draw account summary which the plaintiff routinely signed after it was issued to him stated that "Upon termination, lay off, medical leave or leave of absence this draw account will immediately CT Page 2453 terminate at no value."
The defendant Kronberg Brothers, Inc. did not issue a draw account summary to its employees, including the plaintiff, on a regular basis. There appears to be no rhyme or reason to when the defendant Kronberg Brothers, Inc. computed an employee's credits or debits or posted the calculations to the draw account summary.
The basic method of determining the plaintiff's weekly draw salary remained the same, except for minor changes, throughout the plaintiff's employment. The plaintiff was never promised or paid a flat 8 to 10% of the sales contract for his projects. Based upon the evidence presented, the court is convinced that the plaintiff did not fully understand the method of determining his pay and that his claim is not supported by the evidence.[1]
In light of the court's findings of fact, the plaintiff has not proven that the defendants failed to pay him sums owed to him under his employment agreement with the defendant Kronberg Brothers, Inc. Therefore, judgment must enter for the defendants on the plaintiff's breach of contract and breach of the duty of good faith and fair dealing claims.
The thrust of the plaintiff claims asserting negligent infliction of emotional distress, intention/wanton tort; and violation of the Connecticut Unfair Trade Practices Act was that the defendants failed or refused to pay him the sums owed him. Since the court has found that the plaintiff has failed to prove that he is owed any sums by the defendants, these claims founder as well.
The plaintiff has also asserted a claim of unjust enrichment. "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." Meaneyv. Connecticut Hospital Assn., Inc., 250 Conn. 500, 511 (1999). "Its three basic requirements are (1) that the defendant was benefitted [benefited], (2) that the defendant unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the plaintiff's detriment." Zanoni v. Hudon,48 Conn. App. 32, 39 (1998). The plaintiff has not shown that the defendants in this case unjustly did not pay the plaintiff for the benefits he conferred on them. The plaintiff was paid by the defendant Kronberg CT Page 2454 Brothers, Inc. pursuant to an employment agreement. The plaintiff has not proven that the employment agreement failed to adequately compensate him for the work that he performed.
The court also finds that the defendant Kronberg Brothers, Inc. has not proven its counterclaim that it is owed money by the plaintiff. It was undisputed that the employment agreement between the defendant Kronberg Brothers, Inc. and the plaintiff included provisions for the computation of commissions based on the profit or loss for the projects managed by the plaintiff. The agreement provided that the plaintiff would receive twenty percent of any net profit over five percent resulting from the project and he would owe fifty percent of any net loss. At trial, while the plaintiff disavowed any claim to commissions due him, he disputed that he owed any money to the defendants. The defendant Kronberg Brothers, Inc. claimed that it was owed $7,751.16 by the plaintiff resulting from losses on projects supervised by him. The defendant Kronberg Brothers, Inc. failed to provide reliable evidence establishing the amount of any sums owed by the plaintiff. The court does not find the documents submitted as evidence of the sums owed to be reliable because they were prepared long after the events in question and in anticipation of litigation and they do not adequately disclose the bases for their computations. As a result, the defendants have failed to meet their burden of proof on this issue.
In light of the above, judgment is hereby entered for the defendants on all six counts of the complaint and judgment is hereby entered for the plaintiff on the counterclaim.
 BY THE COURT
Judge Jon M. Alander